IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: | ETHICON, INC.<br>PELVIC REPAIR SYSTEMS<br>PRODUCT LIABILITY LITIGATION | MDL No. 2327 |

THIS DOCUMENT RELATES TO:

Cases Identified in the Exhibit Attached Hereto

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: Shelby Thames, Ph.D.)

Pending before the court is the Motion to Exclude the Opinions and Testimony of Shelby Thames [ECF No. 2039] filed by the plaintiffs. The Motion is now ripe for consideration because briefing is complete.

I. Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 75,000 cases currently pending, approximately 30,000 of which are in this MDL, which involves defendants Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon"), among others.

In this MDL, the court's tasks include "resolv[ing] pretrial issues in a timely and expeditious manner" and "resolv[ing] important evidentiary disputes." Barbara J. Rothstein & Catherine R. Borden, Fed. Judicial Ctr., *Managing Multidistrict*

*Litigation in Products Liability Cases* 3 (2011). To handle motions to exclude or to limit expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court developed a specific procedure. In Pretrial Order ("PTO") No. 217, the court instructed the parties to file only one *Daubert* motion per challenged expert, to file each motion in the main MDL—as opposed to the individual member cases—and to identify which cases would be affected by the motion. PTO No. 217, at 4.[1]

## II. Preliminary Matters

Before plunging into the heart of the Motion, a few preliminary matters need to be addressed.

I am compelled to comment on the parties' misuse of my previous *Daubert* rulings on several of the experts offered in this case. *See generally Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-05762, 2014 WL 4851989 (S.D. W. Va. Sept. 29, 2014); *Tyree v. Bos. Sci. Corp.*, 54 F. Supp. 3d 501 (S.D. W. Va. 2014); *Eghnayem v. Bos. Sci. Corp.*, 57 F. Supp. 3d 658 (S.D. W. Va. 2014). The parties have, for the most part, structured their *Daubert* arguments as a response to these prior rulings, rather than an autonomous challenge to or defense of expert testimony based on its reliability and relevance. In other words, the parties have comparatively examined expert testimony and have largely overlooked *Daubert*'s core considerations for assessing expert testimony. Although I recognize the tendency of my prior evidentiary determinations

---

[1] The plaintiffs identified the Wave 1 cases affected by this Motion in their attached Exhibit A [ECF No. 2039-1], which the court has attached to this Memorandum Opinion and Order. At the time of transfer or remand, the parties will be required to designate relevant pleadings from MDL 2327, including the motion, supporting memorandum, response, reply, and exhibits referenced herein.

to influence subsequent motions practice, counsels' expectations that I align with these previous rulings when faced with a different record are misplaced, especially when an expert has issued new reports and given additional deposition testimony.

Mindful of my role as gatekeeper for the admission of expert testimony, as well as my duty to "respect[ ] the individuality" of each MDL case, *see In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006), I refuse to credit *Daubert* arguments that simply react to the court's rulings in *Sanchez* and its progeny. Indeed, I feel bound by these earlier cases only to the extent that the expert testimony and *Daubert* objections presented to the court then are identical to those presented now. Otherwise, I assess the parties' *Daubert* arguments anew. That is, in light of the particular expert testimony and objections currently before me, I assess "whether the reasoning or methodology underlying the testimony is scientifically valid" and "whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93. Any departure from *Sanchez*, *Eghnayem*, or *Tyree* does not constitute a "reversal" of these decisions and is instead the expected result of the parties' submission of updated expert reports and new objections to the expert testimony contained therein.

Finally, I have attempted to resolve all possible disputes before transfer or remand, including those related to the admissibility of expert testimony pursuant to *Daubert*. Nevertheless, in some instances I face *Daubert* challenges where my interest in accuracy counsels reserving ruling until the reliability of the expert testimony may be evaluated at trial. At trial, the expert testimony will be tested by

precise questions asked and answered. The alternative of live *Daubert* hearings is impossible before transfer or remand because of the numerosity of such motions in these seven related MDLs. As these MDLs have grown and the expert testimony has multiplied, I have become convinced that the critical gatekeeping function permitting or denying expert testimony on decisive issues in these cases is best made with a live expert on the witness stand subject to vigorous examination.

In the course of examining a multitude of these very similar cases involving the same fields of expertise, I have faced irreconcilably divergent expert testimony offered by witnesses with impeccable credentials, suggesting, to me, an unreasonable risk of unreliability. The danger—and to my jaded eye, the near certainty—of the admission of "junk science" looms large in this mass litigation.

The parties regularly present out-of-context statements, after-the-fact rationalizations of expert testimony, and incomplete deposition transcripts. This, combined with the above-described practice of recycling expert testimony, objections, and the court's prior rulings, creates the perfect storm of obfuscation. Where further clarity is necessary, I believe it can only be achieved through live witness testimony—not briefing—I will therefore reserve ruling until expert testimony can be evaluated firsthand.

### III. Legal Standard

By now, the parties should be intimately familiar with Rule 702 of the Federal Rules of Evidence and *Daubert*, so the court will not linger for long on these standards.

4

Expert testimony is admissible if the expert is qualified and if his or her expert testimony is reliable and relevant. Fed. R. Evid. 702; *see also Daubert*, 509 U.S. at 597. An expert may be qualified to offer expert testimony based on his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Reliability may turn on the consideration of several factors:

> (1) whether a theory or technique can be or has been tested; (2) whether it has been subjected to peer review and publication; (3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community.

*Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 592–94). But these factors are neither necessary to nor determinative of reliability in all cases; the inquiry is flexible and puts "principles and methodology" above conclusions and outcomes. *Daubert*, 509 U.S. at 595; *see also Kumho Tire Co. v. Carmichael*, 525 U.S. 137, 141, 150 (1999). Finally, and simply, relevance turns on whether the expert testimony relates to any issues in the case. *See, e.g., Daubert*, 509 U.S. at 591–92 (discussing relevance and helpfulness).

At bottom, the court has broad discretion to determine whether expert testimony should be admitted or excluded. *Cooper*, 259 F.3d at 200.

### IV. Discussion

Dr. Thames is a polymer chemist with a Ph.D. in organic chemistry. In 1969, Dr. Thames founded the Department of Polymer Science at the University of Southern Mississippi, and he has served as the Dean of the College of Science. Dr.

Thames's has researched and designed polymers for various uses.

### a. Properties

*First*, the plaintiffs challenge multiple statements made in Dr. Thames's expert report that are related to degradation and the support—or lack thereof—found in Ethicon's seven-year dog study. The plaintiffs argue that this testimony is unreliable because Dr. Thames contradicts himself and misstates the study's findings. I do not find any of Dr. Thames's supposed self-contradictions to warrant exclusion. Nor is Dr. Thames's testimony unreliably contradictory to the extent it uses the dog study to support his opinion that Prolene "does not undergo meaningful or harmful degradation *in vivo*." Thames Report 6 [ECF No. 2039-3]. I do agree, however, with the plaintiffs' argument that Dr. Thames has occasionally misstated the dog study's specific findings as to molecular weight. Specifically, although the study reported no *significant* difference in molecular weights, Dr. Thames reports the study as finding *no* molecular weight change. *See, e.g.*, Thames Report 9. Insofar as Dr. Thames's testimony mischaracterizes the dog study's results on molecular weight change, it is **EXCLUDED** and the plaintiffs' Motion on this point is **GRANTED**.

*Second*, the plaintiffs challenge the reliability of Dr. Thames's opinion that the data collected from the seven-year dog study "validates toughness improvement after initial implantation." Mem. 5 [ECF No. 2042] (citing Thames Report 9). The plaintiffs disagree with the manner in which Dr. Thames has defined and measured "toughness." But the plaintiffs provide no support for their differing conception of the term or how it is most appropriately measured. Additionally, a review of Dr. Thames's

6

expert report and Ethicon's Response shows that he used a systematic method to plot data collected in the dog study on strength and elongation that could reasonably be said to relate to toughness. Accordingly, the plaintiffs' Motion on this matter is **DENIED**.

*Third*, the plaintiffs challenge Dr. Thames's opinions on translucent flakes detected on Prolene explants and the presence of extrusion lines. These opinions, however, are apparently contained in Dr. Thames's case-specific expert report regarding a particular Wave 1 plaintiff. As such, these objections are not appropriately addressed in the instant *Daubert* motion, which was filed in the main MDL and should challenge general causation opinions only. The plaintiffs' Motion on this matter is **DENIED**. Further, the plaintiffs' Motion, insofar as it relates to the cleaning protocol employed by Dr. Thames in his plaintiff-specific examination of mesh, is similarly **DENIED**.

### V. Recurring Issues

Many of the *Daubert* motions filed in this MDL raise the same or similar objections.

One particular issue has been a staple in this litigation, so I find it best to discuss it in connection with every expert. A number of the *Daubert* motions seek to exclude FDA testimony and other regulatory or industry standards testimony. To the extent this Motion raises these issues it is **GRANTED in part** and **RESERVED in part** as described below.

I have repeatedly excluded evidence regarding the FDA's section 510(k)

clearance process in these MDLs, and will continue to do so in these case, a position that has been affirmed by the Fourth Circuit. *In re C. R. Bard, Inc.*, 81 F.3d 913, 921–23 (4th Cir. 2016) (upholding the determination that the probative value of evidence related to section 510(k) was substantially outweighed by its possible prejudicial impact under Rule 403). Because the section 510(k) clearance process does not speak directly to safety and efficacy, it is of negligible probative value. *See In re C. R. Bard,* 81 F.3d at 920 ("[T]he clear weight of persuasive and controlling authority favors a finding that the 510(k) procedure is of little or no evidentiary value."). Delving into complex and lengthy testimony about regulatory compliance could inflate the perceived importance of compliance and lead jurors "to erroneously conclude that regulatory compliance proved safety." *Id.* at 922. Accordingly, expert testimony related to the section 510(k) process, including subsequent enforcement actions and discussion of the information Ethicon did or did not submit in its section 510(k) application, is **EXCLUDED**. For the same reasons, opinions about Ethicon's compliance with or violation of the FDA's labeling and adverse event reporting regulations are **EXCLUDED**. In addition to representing inappropriate legal conclusions, such testimony is not helpful to the jury in determining the facts at issue in these cases and runs the risk of misleading the jury and confusing the issues. Insofar as this Motion challenges the FDA-related testimony discussed here, the Motion is **GRANTED**.

      A number of experts also seek to opine on Ethicon's compliance with design control and risk management standards. Some of this testimony involves the FDA's

quality systems regulations, and some—likely in an attempt to sidestep my anticipated prohibition on FDA testimony—involve foreign regulations and international standards. I find all of this proposed testimony of dubious relevance. Although these standards relate to how a manufacturer should structure and document risk assessment, the standards do not appear to mandate any particular design feature or prescribe the actual balance that must be struck in weighing a product's risk and utility. Nor is it clear that the European and other international standards discussed had any bearing on the U.S. medical device industry when the device in question was being designed.

  Nevertheless, because the nuances of products liability law vary by state, I will refrain from issuing a blanket exclusion on design process and control standards testimony, whether rooted in the FDA or otherwise. Each standard must be assessed for its applicability to the safety questions at issue in this litigation, consistent with state law. I am without sufficient information to make these findings at this time. Accordingly, I **RESERVE** ruling on such matters until a hearing, where the trial judge will have additional context to carefully evaluate the relevance and potential prejudicial impact of specific testimony.

  Similarly, I doubt the relevance of testimony on the adequacy of Ethicon's clinical testing and research, physician outreach, or particular product development procedures and assessments otherwise not encompassed by the above discussion. Again, such matters seem to say very little about the state of the product itself (i.e., whether or not it was defective) when it went on the market. But because the scope

of relevant testimony may vary according to differences in state products liability law, I **RESERVE** ruling on such matters until they may be evaluated in proper context at hearing before the trial court before or at trial.

Additional—and more broad—matters also warrant mention. While some of these concerns may not apply to this particular expert, these concerns are raised so frequently that they are worth discussing here

*First*, many of the motions seek to exclude state-of-mind and legal-conclusion expert testimony. Throughout these MDLs, the court has prohibited the parties from using experts to usurp the jury's fact-finding function by allowing testimony of this type, and I do the same here. *E.g.*, *In re C. R. Bard, Inc.*, 948 F. Supp. 2d 589, 611 (S.D. W. Va. 2013); *see also, e.g.*, *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) ("[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible."); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) ("Inferences about the intent and motive of parties or others lie outside the bounds of expert testimony."). Additionally, an expert may not offer expert testimony using "legal terms of art," such as "defective," "unreasonably dangerous," or "proximate cause." *See Perez v. Townsend Eng'g Co.*, 562 F. Supp. 2d 647, 652 (M.D. Pa. 2008).

*Second*, and on a related note, many of the motions seek to prohibit an expert from parroting facts found in corporate documents and the like. I caution the parties against introducing corporate evidence through expert witnesses. Although an expert may testify about his review of internal corporate documents solely for the purpose

of explaining the basis for his or her expert opinions—assuming the expert opinions are otherwise admissible—he or she may not offer testimony that is solely a conduit for corporate information.

*Third*, many of the motions also ask the court to require an expert to offer testimony consistent with that expert's deposition or report or the like. The court will not force an expert to testify one way or another. To the extent an expert offers inconsistent testimony, the matter is more appropriately handled via cross-examination or impeachment as appropriate and as provided by the Federal Rules of Evidence.

*Fourth*, in these *Daubert* motions, the parties have addressed tertiary evidentiary matters like whether certain statements should be excluded as hearsay. The court will not exclude an expert simply because a statement he or she discussed may constitute hearsay. *Cf. Daubert*, 509 U.S. at 595. Hearsay objections are more appropriately raised at trial.

*Finally*, in some of the *Daubert* motions, without identifying the specific expert testimony to be excluded, the parties ask the court to prevent experts from offering other expert testimony that the moving party claims the expert is not qualified to offer. I decline to make speculative or advisory rulings. I decline to exclude testimony where the party seeking exclusion does not provide specific content or context.

## VI. Conclusion

The court **DENIES in part**, **GRANTS in part**, and **RESERVES in part** the Motion to Exclude the Opinions and Testimony of Shelby Thames [ECF No. 2039].

The court **DIRECTS** the Clerk to file a copy of this Memorandum Opinion and Order in 2:12-md-2327 and in the Ethicon Wave 1 cases identified in the Exhibit attached hereto.

ENTER: September 2, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

# Exhibit A

## Exhibit A - Thames Case Identification

| Case No. | Case Style |
|---|---|
| 2:11-cv-00809 | Wilma Johnson v. Ethicon, et al. |
| 2:12-cv-00256 | Amy and Brent Holland v. Ethicon, et al. |
| 2:12-cv-00258 | Carrie Smith v. Ethicon, et al. |
| 2:12-cv-00261 | Mary F. Cone v. Ethicon, et al. |
| 2:12-cv-00265 | Doris Chappell Jackson v. Ethicon, et al. WAVE 2 |
| 2:12-cv-00276 | Cathy and John Warlick v. Ethicon, et al. |
| 2:12-cv-00277 | Joy and Kevin Essman v. Ethicon, et al. |
| 2:12-cv-00279 | Susan Thaman v. Ethicon, et al. |
| 2:12-cv-00286 | Quillan R. and Thomas W. Garnett v. Ethicon, et al. |
| 2:12-cv-00322 | Linda B. Ryan v. Ethicon, et al. |
| 2:12-cv-00335 | Sandra Wolfe v. Ethicon, et al. |
| 2:12-cv-00337 | Kathleen Wolfe v. Ethicon, et al. |
| 2:12-cv-00341 | Helen M. Brown and Robert E. Ruttkay v. Ethicon, et al. |
| 2:12-cv-00344 | Rose and Jesus Gomez v. Ethicon, et al. |
| 2:12-cv-00347 | Deborah and Felipe Lozano v. Ethicon, et al. |
| 2:12-cv-00351 | Kathy Barton v. Ethicon, et al. |
| 2:12-cv-00352 | Charlotte Hargrove v. Ethicon, et al. CLOSED |
| 2:12-cv-00358 | Amanda and Raymond Deleon v. Ethicon, et al. |
| 2:12-cv-00368 | Sharon and Michael Boggs v. Ethicon, et al. |
| 2:12-cv-00369 | Dawna Hankins v. Ethicon, et al. |
| 2:12-cv-00376 | Charlene Logan Taylor v. Ethicon, et al. |
| 2:12-cv-00378 | Tina and Kenneth Morrow v. Ethicon, et al. WAVE 2 |
| 2:12-cv-00379 | Teri Key and Johnny Shively v. Ethicon, et al. |
| 2:12-cv-00380 | Terrie S. and Ralph R. Gregory v. Ethicon, et al. |
| 2:12-cv-00381 | Susan C. and Leonard Hayes v. Ethicon, et al. CLOSED |
| 2:12-cv-00387 | Maru LuEllen and Thomas Lawrence Kilday v. Ethicon, et al. |
| 2:12-cv-00389 | Janice Renee Swaney v. Ethicon, et al. |
| 2:12-cv-00397 | Deborah A. Smith v. Ethicon, et al. CLOSED |
| 2:12-cv-00401 | Carol Jean Dimock v. Ethicon, et al. |
| 2:12-cv-00423 | Pamela Free v. Ethicon, et al. |
| 2:12-cv-00443 | Holy and Jason Jones v. Ethicon, et al. |
| 2:12-cv-00455 | Pamela Gray-Wheeler and Stan Wheeler v. Ethicon, et al. |
| 2:12-cv-00468 | Amelia R. and Ernest B. Gonzales v. Ethicon, et al. |
| 2:12-cv-00469 | Patricia Tyler v. Ethicon, et al. |
| 2:12-cv-00470 | Mary Jane and Daniel Olson v. Ethicon, et al. |
| 2:12-cv-00476 | Harriet Beach v. Ethicon, et al. |
| 2:12-cv-00481 | Miranda Patterson v. Ethicon, et al. |
| 2:12-cv-00483 | Carey Beth and David Cole v. Ethicon, et al. |
| 2:12-cv-00485 | Danni Laffoon v. Ethicon, et al. |
| 2:12-cv-00486 | Karen and Joel Forester v. Ethicon, et al. |
| 2:12-cv-00489 | Melissa and Charles Clayton v. Ethicon, et al. |
| 2:12-cv-00490 | Shirley and William Freeman v. Ethicon, et al. |
| 2:12-cv-00491 | Gwendolyn T. Young v. Ethicon, et al. |
| 2:12-cv-00493 | Nancy and Daniel Hooper v. Ethicon, et al. |

| Case No. | Case Style |
|---|---|
| 2:12-cv-00494 | Penelope Ann Link and Dan Richard Saurino v. Ethicon, et al. |
| 2:12-cv-00495 | Andrea Carol and Mark Thomas Chandlee v. Ethicon, et al. |
| 2:12-cv-00496 | Sonya M. and James R. Moreland v. Ethicon, et al. |
| 2:12-cv-00497 | Dina Sanders Bennett v. Ethicon, et al. |
| 2:12-cv-00498 | Myndal Johnson v. Ethicon, et al. |
| 2:12-cv-00499 | Kimberly Thomas v. Ethicon, et al. |
| 2:12-cv-00500 | Krystal and Gregory Teasley v. Ethicon, et al. |
| 2:12-cv-00501 | Jennifer and David Sikes v. Ethicon, et al. |
| ~~2:12-cv-00504~~ | ~~Donna T. and James W. Pilgreen v. Ethicon, et al.~~ CLOSED |
| 2:12-cv-00505 | Mary and Kenneth Thurston v. Ethicon, et al. |
| ~~2:12-cv-00506~~ | ~~Martha and Stuart Newman v. Ethicon, et al.~~ CLOSED |
| 2:12-cv-00510 | Charlene Miracle v. Ethicon, et al. |
| 2:12-cv-00511 | Nancy Williams v. Ethicon, et al. |
| 2:12-cv-00516 | Patricia Conti v. Ethicon, et al. |
| 2:12-cv-00517 | Joann Lehman v. Ethicon, et al. |
| 2:12-cv-00539 | Ann Louise Ruppel and Robert Dean Fuller v. Ethicon, et al. |
| 2:12-cv-00540 | Nancy and Kenneth Feidler v. Ethicon, et al. |
| 2:12-cv-00547 | Brenda and James Riddell v. Ethicon, et al. |
| 2:12-cv-00548 | Rhoda Schachtman v. Ethicon, et al. |
| 2:12-cv-00554 | Sharon and Gardner Carpenter v. Ethicon, et al. |
| 2:12-cv-00555 | Carolyn Sue Doyle v. Ethicon, et al. |
| 2:12-cv-00567 | Noemi and Cesar Padilla v. Ethicon, et al. |
| 2:12-cv-00571 | Mary Catherine Wise v. Ethicon, et al. |
| 2:12-cv-00591 | Beverly Kivel v. Ethicon, et al. |
| 2:12-cv-00594 | Frances Ann and Herman Cortez v. Ethicon, et al. |
| 2:12-cv-00595 | Mary and Thomas Hendrix v. Ethicon, et al. |
| 2:12-cv-00601 | Deanna Jean and Bennie G. Thomas v. Ethicon, et al. |
| 2:12-cv-00609 | Patricia O. Powell v. Ethicon, et al. |
| 2:12-cv-00651 | Robin Bridges v. Ethicon, et al. |
| 2:12-cv-00652 | Maria C. and Mark A. Stone v. Ethicon, et al. |
| 2:12-cv-00654 | Stacy and Kevin Shultis v. Ethicon, et al. |
| 2:12-cv-00657 | Judy G. Williams v. Ethicon, et al. |
| 2:12-cv-00663 | Ana Ruebel v. Ethicon, et al. |
| 2:12-cv-00666 | Donna and Leon Loustaunau v. Ethicon, et al. |
| ~~2:12-cv-00669~~ | ~~Teresa and Ricky J. Stout v. Ethicon, et al.~~ CLOSED |
| ~~2:12-cv-00679~~ | ~~Lisa and Henry Stevens v. Ethicon, et al.~~ CLOSED |
| 2:12-cv-00683 | Louise Grabowski v. Ethicon, et al. |
| 2:12-cv-00736 | Karen and Thomas Daniell v. Ethicon, et al. |
| 2:12-cv-00737 | Beth and Stuart Harter v. Ethicon, et al. |
| 2:12-cv-00738 | Sheri and Gary Scholl v. Ethicon, et al. |
| 2:12-cv-00746 | Margaret Kirkpatrick v. Ethicon, et al. |
| 2:12-cv-00747 | Karyn E. and Douglas E. Drake v. Ethicon, et al. |
| 2:12-cv-00748 | Myra abd Richard Byrd v. Ethicon, et al. |
| 2:12-cv-00749 | Jennifer D. and Willem C.J. Van Rensburg v. Ethicon, et al. |

| Case No. | Case Style |
|---|---|
| 2:12-cv-00751 | Raquel and Ernesto De La Torre v. Ethicon, et al. |
| 2:12-cv-00755 | Cheryl Lankston v. Ethicon, et al. |
| 2:12-cv-00756 | Dee and Michael Woolsey v. Ethicon, et al. |
| 2:12-cv-00757 | Barbara Jean and Keith Bridges v. Ethicon, et al. |
| 2:12-cv-00759 | Diane and Robert Matott v. Ethicon, et al. |
| 2:12-cv-00760 | Lois and Gerald Durham v. Ethicon, et al. |
| 2:12-cv-00761 | Barbara J. and Gary L. Ware v. Ethicon, et al. |
| 2:12-cv-00762 | Janet D. Jones v. Ethicon, et al. |
| 2:12-cv-00765 | Rachel and Dwan Taylor v. Ethicon, et al. |
| ~~2:12-cv-00766~~ | ~~Kimberly Garnto v. Ethicon, et al.~~ CLOSED |
| ~~2:12-cv-00767~~ | ~~Rebecca and Charles Oehring v. Ethicon, et al.~~ CLOSED |
| ~~2:12-cv-00768~~ | ~~Sandra and Christian LaBadie v. Ethicon, et al.~~ CLOSED |
| 2:12-cv-00769 | Kimberly T. Burnham v. Ethicon, et al. |
| 2:12-cv-00772 | Harmony Minniefield v. Ethicon, et al. |
| 2:12-cv-00773 | Tina and Keith Patterson v. Ethicon, et al. |
| 2:12-cv-00779 | Dee and Timothy McBrayer v. Ethicon, et al. |
| 2:12-cv-00783 | Wendy Hagans v. Ethicon, et al. |
| ~~2:12-cv-00784~~ | ~~Schultz et al v. Ethicon, Inc. et al~~ CLOSED |
| 2:12-cv-00786 | Swint et al v. Ethicon, Inc et al |
| 2:12-cv-00787 | Joplin v. Ethicon, Inc et al |
| 2:12-cv-00799 | Quijano v. Ethicon, Inc. et al |
| 2:12-cv-00800 | Morrison et al v. Ethicon, Inc et al |
| 2:12-cv-00806 | Hill et al v. Ethicon, Inc. et al |
| 2:12-cv-00807 | Sweeney et al v. Ethicon, Inc. et al |
| 2:12-cv-00811 | Zoltowski et al v. Johnson & Johnson et al |
| 2:12-cv-00821 | Barr et al v. Ethicon, Inc. et al |
| ~~2:12-cv-00828~~ | ~~Nix et al v. Ethicon, Inc. et al~~ CLOSED |
| 2:12-cv-00829 | Georgilakis et al v. Ethicon, Inc et at |
| ~~2:12-cv-00830~~ | ~~Parrilla v. Ethicon, Inc. et al~~ CLOSED |
| 2:12-cv-00842 | Stubblefield v. Ethicon, Inc. et al |
| 2:12-cv-00846 | Raines et al v. Ethicon, Inc. et al |
| 2:12-cv-00848 | Fisk v. Ethicon, Inc et al |
| 2:12-cv-00854 | Ballard et al v. Ethicon, Inc et al |
| 2:12-cv-00856 | Massicot v. Ethicon, Inc. et al |
| ~~2:12-cv-00859~~ | ~~Olmstead v. Ethicon, Inc. et al~~ CLOSED |
| 2:12-cv-00860 | Pelton v. Ethicon, Inc. et al |
| ~~2:12-cv-00861~~ | ~~Smith et al v. Ethicon, Inc. et al~~ CLOSED |
| 2:12-cv-00863 | Gunter et al v. Ethicon, Inc |
| 2:12-cv-00864 | Nolan v. Ethicon, Inc. et al |
| 2:12-cv-00867 | Rock v. Ethicon et al |
| 2:12-cv-00873 | Walker et al v. Ethicon, Inc. et al |
| 2:12-cv-00875 | Holzerland et al v. Ethicon, Inc. et al |
| 2:12-cv-00876 | Hoy et al v. Ethicon, Inc. et al |
| 2:12-cv-00878 | Fox et al v. Johnson & Johnson, Inc. et al |

| Case No. | Case Style |
|---|---|
| 2:12-cv-00880 | Massey et al v. Ethicon, Inc. et al |
| 2:12-cv-00883 | Wroble et al v. Ethicon, Inc et al |
| ~~2:12-cv-00886~~ | ~~Umberger et al v. Ethicon, Inc. et al~~ CLOSED |
| 2:12-cv-00887 | Kaiser et al v. Johnson & Johnson et al |
| 2:12-cv-00888 | Bruhn et al v. Ethicon, Inc et al |
| 2:12-cv-00899 | Barker et al v. Ethicon, Inc. et al |
| ~~2:12-cv-00921~~ | ~~Wilson v. Ethicon, Inc et al~~ CLOSED |
| ~~2:12-cv-00923~~ | ~~Atemnkeng et al v. Ethicon, Inc. et al~~ CLOSED |
| 2:12-cv-00931 | Collins v. Ethicon, Inc. et al |
| 2:12-cv-00938 | Kriz et al v. Ethicon, Inc. et al |
| 2:12-cv-00939 | Reyes et al v. Ethicon, Inc. et al |
| 2:12-cv-00956 | Justus v. Ethicon, Inc. et al |
| 2:12-cv-00957 | Funderburke v. Ethicon, Inc. et al |
| 2:12-cv-00958 | White et al v. Ethicon, Inc. et al |
| 2:12-cv-00960 | Amsden et al v. Ethicon, Inc. et al |
| 2:12-cv-00961 | Greene v. Ethicon, Inc. et al |
| 2:12-cv-00967 | Shepherd v. Ethicon, Inc. et al |
| 2:12-cv-00995 | Blake et al v. Ethicon, Inc. et al |
| 2:12-cv-00997 | Springer et al v. Ethicon, Inc. et al |
| 2:12-cv-01004 | Frye v. Ethicon, Inc. et al |
| 2:12-cv-01011 | Hankins et al v. Ethicon, Inc. et al |
| 2:12-cv-01013 | Lee et al v. Ethicon, Inc. et al |
| ~~2:12-cv-01018~~ | ~~Gwinn et al v. Ethicon, Inc. et al~~ CLOSED |
| 2:12-cv-01021 | Ruiz v. Ethicon, Inc. et al |
| 2:12-cv-01023 | Burkhart v. Ethicon, Inc. et al |
| 2:12-cv-01052 | Babcock v. Ethicon, Inc. et al |
| 2:12-cv-01053 | Baugher v. Ethicon, Inc. et al |
| 2:12-cv-01071 | Schnering et al v. Ethicon, Inc. et al |
| 2:12-cv-01081 | Dixon v. Ethicon, Inc. et al |
| 2:12-cv-01088 | Wheeler et al v. Ethicon, Inc. et al |
| 2:12-cv-01090 | Wright v. Ethicon, Inc. et al |
| 2:12-cv-01119 | Rhynehart v. Ethicon, Inc. et al |
| 2:12-cv-01121 | Guinn v. Ethicon, Inc. et al |
| 2:12-cv-01124 | Bellito-Stanford et al v. Ethicon, Inc. et al |
| 2:12-cv-01145 | Constance Daino v. Ethicon, Inc. et al |
| 2:12-cv-01146 | Monica Freitas v. Ethicon, Inc. et al |
| 2:12-cv-01148 | Denise Sacchetti v. Ethicon, Inc. et al |
| 2:12-cv-01149 | Cindy Smith v. Ethicon, Inc. et al |
| 2:12-cv-01150 | Roberta Warmack v. Ethicon, Inc. et al |
| 2:12-cv-01151 | Laura Waynick v. Ethicon, Inc. et al |
| 2:12-cv-01171 | Patti Ann Phelps v. Ethicon, Inc. et al |
| 2:12-cv-01198 | Stacy Pangborn v. Ethicon, Inc. et al |
| 2:12-cv-01199 | Lisa Thompson v. Ethicon, Inc. et al |
| 2:12-cv-01202 | Diane Kropf v. Ethicon, Inc. et al |

| Case No. | Case Style |
|---|---|
| 2:12-cv-01203 | Joan Adams v. Ethicon, Inc. et al |
| 2:12-cv-01206 | Jeanie Holmes v. Ethicon, Inc. et al |
| 2:12-cv-01215 | Karen Bollinger v. Ethicon, Inc. et al |
| 2:12-cv-01216 | Christine Wiltgen v. Ethicon, Inc. et al |
| 2:12-cv-01225 | Ida Deanne Evans v. Ethicon, Inc. et al |
| ~~2:12-cv-01262~~ | ~~Saundra Landes v. Ethicon, Inc. et al~~ CLOSED |
| 2:12-cv-01267 | Angela Coleman v. Ethicon, Inc. et al |
| 2:12-cv-01273 | Rebekah Barlett v. Ethicon, Inc. et al |
| 2:12-cv-01274 | Janice Colonna v. Ethicon, Inc. et al |
| 2:12-cv-01275 | Long v. Johnson & Johnson et al |
| 2:12-cv-01277 | Duncan v. Ethicon, Inc et al |
| 2:12-cv-01278 | Nix v. Ethicon, Inc. et al |
| 2:12-cv-01279 | Bertoni et al v. Ethicon, Inc. et al |
| 2:12-cv-01283 | Cyrus v. Ethicon, Inc. et al |
| 2:12-cv-01284 | ~~Floyd~~ v. Ethicon, Inc. et al     Judith Gowin |
| 2:12-cv-01285 | Simpson et al v. Ethicon, Inc. et al |
| 2:12-cv-01286 | Wilson v. Ethicon, Inc. et al |
| 2:12-cv-01293 | Costello v. Ethicon, Inc. et al |
| ~~2:12-cv-01294~~ | ~~Herrera-Nevarez v. Ethicon, Inc~~ CLOSED |
| 2:12-cv-01299 | Destefano-Rasten et al v. Ethicon, Inc. et al |
| 2:12-cv-01304 | Irwin et al v. Ethicon, Inc. et al |
| 2:12-cv-01305 | Lager v. Ethicon, Inc. et al |
| 2:12-cv-01311 | Ridgley et al v. Ethicon, Inc. et al |
| 2:12-cv-01318 | ~~Banks~~ v. Johnson & Johnson, Inc. et al   Marie Smith |